**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 19 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM CARPENTER,

      Plaintiff-Appellant,

v.

DREW EDMONDSON; JACK
COWLEY,

      Defendants-Appellees.

No. 97-6006
(W. District of Oklahoma)
(D.C. No. 95-CV-1661)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO,** and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has unanimously determined that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

William D. Carpenter appeals the grant of summary judgment in favor of defendant on his *pro se* Eighth Amendment and 42 U.S.C. § 1983 civil rights claims entered in the United States District Court for the Western District of Oklahoma. After *de novo* review, the district court adopted the report and recommendation prepared by the Magistrate Judge. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291, **DENIES** Carpenter's Petition for Writ of Mandamus, and **AFFIRMS**.

At the time of the events which allegedly give rise to this cause of action, Carpenter was incarcerated at the Oklahoma State Reformatory ("OSR") in Granite, Oklahoma. Carpenter alleged that on May 11, 1995, he was attacked by three inmates who cut him with razor blades, leaving him with severe injuries. In Count I of his Complaint against defendants, Carpenter claimed the incident and his injuries were "the direct result of OSR staff negligence and a deliberate attempt to put my life in jeopardy." In Count II, Carpenter claimed medical malpractice against the OSR medical staff for removing the stitches from his wounds prematurely.

At the request of the district court, the defendants filed a *Martinez* Report pursuant to *Martinez v. Aaron*, 570 F.2d 317, 318-20 (10th Cir. 1978). The defendants subsequently filed a motion to dismiss or, in the alternative, a motion for summary judgment to which Carpenter responded. Treating the motion as one

for summary judgment, the district court granted the motion, determining Carpenter had "not offered affidavits or other evidence creating a genuine issue for trial."

On appeal, Carpenter makes the following four claims: (1) the district court erred in not requiring the defendants to comply with Federal Rule of Civil Procedure 26(b); (2) the district court erred in failing to require appropriate compilation of the *Martinez* report; (3) the district court erred in not considering Carpenter's evidence of sworn affidavits corroborating his claims; and (4) the district court erred in allowing the magistrate judge to assume jurisdiction without gaining written consent of both parties pursuant to 28 U.S.C. § 636(c).

This court reviews a grant of summary judgment *de novo*. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1998). Carpenter's first claim on appeal is that the defendants failed to comply with the "initial disclosure" requirements of Federal Rule of Civil Procedure 26(a). Rule 26 of the Federal Rules of Civil Procedure requires "initial disclosure . . . [e]xcept to the extent otherwise stipulated or directed by order or local rule." Fed. R. Civ. P. 26(a)(1). Rule 26.2(e) of the Local Rules of the United States District Court for the Western District of Oklahoma specifically exempts "prisoner" cases from initial disclosure requirements. Carpenter makes no claim that Local Rule 26.2(e) violates his rights, but merely argues that the district court

should have required compliance with Federal Rule of Civil Procedure 26. Because Rule 26 is not applicable to this case, Carpenter's claim is without merit and the district court did not err.

Carpenter's second claim is that the district court did not require the defendants to follow the appropriate procedures in compiling their *Martinez* Report. *See Martinez,* 570 F.2d at 318-20 (10th Cir. 1978). Carpenter claims the court should have required defendants to interrogate certain parties. Contrary to Carpenter's assertions, however, there is no required procedure for reports ordered under *Martinez*.[1]

With respect to Carpenter's third claim, that the district court failed to consider his evidence of corroborating affidavits, this court determines the district court did not err. The standard for a summary judgment motion is that there is "no genuine issue of material fact and that the moving party is entitled to

---

[1]Carpenter cites *Martinez* for the proposition that certain procedures are required, quoting:

> [t]he trial court ordered before answer that prison officials conduct an investigation of the incident to include an interrogation of those concerned. The transcripts of the interrogations, . . . and explanation by the officials were to be attached to the answer of the defendants.
> . . . .
> We consider this order and practice to be not only proper but necessary for the orderly consideration of the issues in this case and other cases of this nature.

*Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978). This language alone, however, does not mandate courts to require interrogation of specific people for each *Martinez* report and nothing in *Martinez* so requires. *See id.*

judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court has held that there is no genuine issue of material fact unless the non-moving party presents sufficient evidence for a reasonable jury to return a verdict in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-51 (1986). Summary judgment may be granted if the non-moving party's evidence is merely colorable and not sufficiently probative. *See id.* at 249-50.

Having considered the evidence contained in Carpenter's affidavits, the district court determined there was no genuine issue of material fact. Carpenter's affidavits supported his claim that the OSR Warden had made public statements about him. Carpenter then argues that his attackers were motivated by this statement and that the warden had conspired to cause the attack against Carpenter. As the district court noted, however, "[t]hese contentions are supported only by vague and conclusory references to statements made by [the warden] in an interview and without any cogent showing that the attackers or other officials are connected with the shadowy drug conspiracy that purportedly targeted the plaintiff." This court agrees that there was no genuine issue of material fact presented and the district court thus did not err.

Carpenter's fourth and final claim is that the district court erred in referring the case to the Magistrate Judge for a report and recommendation without Carpenter's consent pursuant to 28 U.S.C. § 636(c). The referral in this case,

however, was pursuant to 28 U.S.C. § 636(b)(1)(B) which allows the district court to refer matters to the magistrate judge in order to make findings and prepare a report and recommendation, which the district court then reviews *de novo*. Although Section 636(c) requires consent of both parties, no such requirement exists as to Section 636(b)(1)(B). The district court thus did not err in referring the matter to the magistrate judge without first gaining Carpenter's consent.

For the foregoing reasons, this court **DENIES** Carpenter's Petition for Writ of Mandamus and **AFFIRMS** the ruling of the district court below.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge