**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANNY RAY NICKELBERRY,

     Plaintiff - Appellant,

vs.

BILL PHARAOH; BRIAN ORR;
DAVID PARKER; JAMES L.
SAFFLE; ED EVANS; Warden,

     Defendants - Appellees.

No. 00-6023
(D.C. No. CV-99-261-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

---

     Plaintiff-Appellant Danny Ray Nickelberry, an inmate appearing pro se,

appeals from the dismissal of his state prisoner civil rights action for failure to

state a claim under Fed. R. Civ. P. 12(b)(6). See also 28 U.S.C. §

1915(e)(2)(B)(ii). Mr. Nickelberry is an Oklahoma state inmate who requested

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

and was placed in the Asbestos Unit of the William S. Key Correctional Center in March 1998. On December 20, 1998, he was assigned to work on asbestos removal in the "containment" area of the Keyes Helium Plant Abatement. Mr. Nickelberry brought suit against various supervisors and state officials alleging that the containment area where he worked was extremely cold and that he was required to work with the asbestos under conditions which violated relevant safety guidelines. The case was assigned to a magistrate, who ordered the state to produce a Martinez report.

The magistrate's report and recommendation correctly noted that a one day exposure to cold conditions during a work shift did not rise to the level of an Eighth Amendment violation, and therefore, Mr. Nickelberry's complaint should be dismissed. On the asbestos claim, the magistrate noted that Mr. Nickelberry failed to allege any physical injury or offer any proof that the containment area was contaminated; therefore, the claim was barred by 42 U.S.C. § 1997e(e). Mr. Nickelberry objected to the magistrate's report, primarily on the basis that the Martinez report procedure was inadequate and the state failed to comply with the full requirements of the Martinez order. The district court adopted the recommendation and this appeal followed. We affirm.

A Martinez report is often necessary in pro se cases such as this "to develop a record sufficient [for the trial judge] to ascertain whether there are any

factual or legal bases for the prisoner's claims." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). See generally Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir. 1978) (holding that report is necessary to determine "preliminary issues including those of jurisdiction"). Mr. Nickelberry objects to the Martinez report because it was prepared by prison officials. He likens this to "allow[ing] wolfs to count sheep with the expectations that all would be accounted fore [sic]." Aplt. Br. at 6.

However, this objection misinterprets the purpose of the Martinez report. Although the district court may consider the report in dismissing a claim, it may not resolve disputed issues of material fact by simply accepting the reports factual findings when they conflict with those in the pleadings. See Hall, 935 F.2d at 1109. Therefore, a prisoner need only present sufficient information to contest a fact in the Martinez report in order to prevent dismissal on that ground.

Mr. Nickelberry contends that he was prevented from gaining sufficient information to contest the factual findings of the report because the prison officials failed to completely comply with the court's order regarding the report. The district court's Martinez order stated, among other things, that appropriate prison officials "shall undertake a review of the subject matter of the complaint: . . . (b) To consider whether any action can and should be taken by the institution or other appropriate officials to resolve the subject matter of the Complaint." R.,

doc. 6, at 1. The order also authorized the officials to "interview all witnesses including the Plaintiff and appropriate officers of the institution." Id. at 2. Both of these statements are taken almost verbatim from our opinion in Martinez.

This argument is without merit. First, the authority to interview witnesses is by its specific terms nothing more than a permissive grant of authority – not a mandatory requirement imposed by the court. Second, the other provisions in the district court's order are merely suggestions. As this court has previously noted, "there is no required procedure for reports ordered under Martinez." Carpenter v. Edmondson, No. 97-6006, 1997 WL 580490, at **2 (10th Cir. Sept. 19, 1997) (unpublished order and judgment).

Mr. Nickelberry also argues that the district court failed to liberally construe his pro se briefs as required by Haines v. Kerner, 404 U.S. 519, 520 (1972). He argues that the magistrate recommended dismissing his claims for deficiencies of which only a lawyer would have been aware. The "deficiency" upon which Mr. Nickelberry's case was dismissed was failure to state a claim upon which relief could be granted. A review of the record convinces us that, even liberally construing the pleadings, dismissal was warranted.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge